**Joseph Preston MOFIELD, Plaintiff–Appellant,**

**v.**

**Ricky BELL, Warden; Billy McLesky; Donal Campbell, Defendants– Appellees.**

**No. 99–5989.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before MERRITT and COLE, Circuit Judges;  HOOD, District Judge.*

## ORDER

Joseph Preston Mofield appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983.  His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case.  *See* Fed. R.App. P. 34(a).

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Mofield alleged that the defendants violated his rights while he was incarcerated in a Tennessee state prison: 1) by convicting him of a misconduct violation for making harassing phone calls; and 2) by transferring him in retaliation for his complaints about the medical care that he had received for his HIV status. On June 14, 1999, the district court dismissed the case pursuant to 28 U.S.C. § 1915(e). It is from this judgment that Mofield now appeals.

We review the dismissal of this case *de novo*. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Dismissal was appropriate because Mofield did not allege a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

■ Mofield first alleged that he was denied due process when he was convicted of a disciplinary violation for making harassing phone calls. The district court properly rejected this claim because it did not involve an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Thus, Mofield did not have a protected liberty interest that gave rise to extensive due process protections. *See id.* at 484–85, 115 S.Ct. 2293.

■ Mofield now essentially argues that the evidence was insufficient to support his conviction. A prison disciplinary action should be upheld if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Hence, Mofield's argument is unavailing because prison records indicated that he had made twenty-eight calls to the same woman in a forty-seven minute period. *See id.* at 456–57, 105 S.Ct. 2768.

■ Mofield also alleged that he was transferred in retaliation for his complaints about the medical care that he had received. In dismissing this claim, the district court noted that the transfer of an inmate will generally not amount to a substantive due process violation. *See Ward v. Dyke,* 58 F.3d 271, 274–75 (6th Cir. 1995). Dismissal was also appropriate because Mofield did not allege sufficient facts to show that the transfer was motivated by his alleged complaints. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996).

■ Mofield now argues that he has been discriminated against because of his HIV status. However, HIV-infected inmates do not constitute a suspect class that is entitled to special consideration under the Equal Protection Clause. *See Doe v. Wigginton,* 21 F.3d 733, 739–40 (6th Cir.1994). Therefore, Mofield has not alleged a cognizable equal protection claim because the defendants' policies rationally furthered the legitimate state purpose of preventing the spread of a communicable disease. *See id.* at 740.

Mofield also raises issues concerning blood testing, double jeopardy, food service, the placement of inmates, privacy rights, and the return of documents, mail and blood samples. These issues were not clearly raised in the district court, and we will not consider them for the first time on appeal. *See Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir.1994).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.